In re GROTE STREET IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   April 4, 1912.)

1. EMINENT DOMAIN (§ 247*)—COMPENSATION—RIGHT TO INTEREST.
    That commissioners of estimate and assessment stated in their report
    that they had made "full compensation for damages" does not preclude
    allowance of interest not included in the award.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–
    643, 648–651, 654, 655; Dec. Dig. § 247.*]

2. EMINENT DOMAIN (§§ 124, 247*)—COMPENSATION—RIGHT TO INTEREST.
    Damages awarded by commissioners of estimate and assessment, who
    ascertained the compensation to be paid upon the closing of a street and
    interest thereon, should be computed as of the date on which the street
    was actually closed.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–
    344, 638–643, 648–651, 654, 655; Dec. Dig. §§ 124, 247.*]

3. EMINENT DOMAIN (§ 247*)—COMPENSATION—RIGHT TO INTEREST.
    Where commissioners of estimate and assessment did not assess inter-
    est in any one of their several awards of damages from closing of a
    street, the property owners were entitled to have interest thereon less
    any sum which might be found to be the value of the restricted use
    of their property during so much of the time as it remained under their
    control.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–
    643, 648–651, 654, 655; Dec. Dig. § 247.*]

Appeal from Special Term, New York County.

Application of the Mayor, etc., of the City of New York, to ac-
quire title to lands for the purpose of opening a street.   From an
order confirming a separate report of Commissioners of Estimate,
Franz Guth and others appeal.   Reversed, and motion denied, and
report recommitted.

Argued before INGRAHAM, P. J., and McLAUGHLIN,
LAUGHLIN, MILLER, and DOWLING, JJ.

Benjamin Trapnell, for appellants.
Joel J. Spier, for respondents.

DOWLING, J.   This proceeding for the opening of Grote street
from East 182d street to the Southern boulevard, in the borough of
the Bronx, city of New York, was instituted by the adoption of an
appropriate resolution by the board of street openings on June 18,
1897; the original map having been filed November 2, 1895, ratified
and approved by chapter 712, Laws 1896.   Commissioners of estimate
and assessment were duly appointed herein December 27, 1897.   Title
to the property embraced in the proceeding vested in the city on
November 27, 1901.   Pursuant to the provisions of section 14, c. 1006,
Laws 1895, the petitioners Franz Guth, Franz Yungling, Benjamin
F. Gerding, as executor, Fred Flaccus, and Charles Flaccus, made
their respective petitions on March 15, 1904, praying that an order
be made directing the commissioners theretofore appointed herein to
ascertain and determine the compensation which should justly be made
to them by reason of the discontinuance and closing of Grote street
and for the inclusion in their report of any award of damages there-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for. The orders prayed for were duly made March 22, 1904. The property owned by the petitioners is designated upon the damage map by the following numbers: Gerding, No. 1; Guth, No. 2; Yungling, No. 3; and Flaccus, No. 6. On October 13, 1906, the commissioners made their preliminary report, wherein they awarded the following amounts as damages: To Guth, $588; to Gerding $1,095; to Yungling, $598. They failed to make any award for the Flaccus plot. To this report exceptions were duly filed by the petitioners, on the ground, among others, that:

"The commissioners should have awarded interest herein from October 31, 1895, and an award without interest is a failure to make just compensation to your objectors."

A supplemental report was made by the commissioners on April 16, 1908, wherein they awarded precisely the same sums to the three owners named and to the claimants Flaccus the sum of $1,400. To this, objections were again filed by all four claimants, on the ground, among others, that:

"The commissioners should have allowed interest on the award herein from the date of discontinuance and closing of said road, and an award without interest is a failure to make just compensation to your objectors."

The commissioners made their final report July 20, 1910, and by it made precisely the same awards as in their supplemental report. Thus in a period of nearly four years, during which time they made three reports, the figures had never varied. It would seem apparent upon the face of these reports that interest has not been included in the awards. Three of the original awards were almost exactly in the amount of the damage as testified to by some one of the expert witnesses. Thus William I. Brown gave his opinion of the damage to the Guth parcel as $598.98 (award $598); to the Yungling parcel as $588.22 (award $588); Charles A. Berrian gave his opinion of the damage to the Gerding parcel as $1,098.92 (award $1,095). These estimates were all based on the value as of January 30, 1895.

The learned court at Special Term in denying a reargument of the motion to confirm the commissioners' report, based on the claim that the awards were insufficient, as not including interest, said:

"The commissioners thus gave these claimants substantially what they asked for, which was the damage, without interest, nor was there any increase in the awards to represent interest during the long period that elapsed between the provisional and final estimates."

He also said:

"It is quite probable that they (claimants) had the use and occupation of the property, and that the use was beneficial."

The fact was not referred to that the owners had continually insisted on their right to interest. Nor were they in any way responsible for the long delay in the proceeding. There was no proof whatever that they used the property, which was unimproved, or that any use thereof had been beneficial to them. The city contends that the commissioners may have offset the value of the use and occupation of the vacant land against the interest; but it is sufficient an-

swer to this to say that not only is it fairly deducible from the reports that no interest was allowed, but there was in any event no proof of the value of any use or occupation which could be charged against it.

[1] Nor does the fact that the commissioners' report that they have made awards representing "full compensation for damages" determine the question, when it is apparent that they have included no interest as part of the award. In Matter of Mayor, 40 App. Div. 281, 58 N. Y. Supp. 58, it was said:

"Upon both principle and authority the property owners were entitled to the cash value of their lands upon the 9th day of January, 1895, and the obligation of the city to pay that cash value (when ascertained) as of that date then accrued. Upon that obligation the right of interest rests. If the property owners were then entitled to their money, they were equally entitled to its use or to the legal substitute for its use."

This case was followed in Matter of Riverside Park, 59 App. Div. 603, 69 N. Y. Supp. 742, affirmed In re Mayor, etc., of City of New York, 167 N. Y. 627, 60 N. E. 1116. So in Minzesheimer v. Prendergast, 144 App. Div. 576, 129 N. Y. Supp. 779, affirmed 204 N. Y. 272, 97 N. E. 717, it was held that the legal closing of a street under the street closing act involves the destruction of the abutter's street easements which are property and for which just compensation must be made; that in estimating such compensation it is the duty of the commissioners to ascertain the loss to the abutters as of the date when the street was legally closed, adding thereto interest to the date of their report; that such loss and interest taken together constitute the damage and may be included in one sum without designating how much is allowed for loss and how much for interest. In the case at bar it cannot be seriously contended that the award includes both damage and interest. The fact that successive reports at intervals of several years contain exactly the same figures demonstrates that no interest was allowed, as there was no proof of any depreciation of the property in the interim. If interest had been included, the award for damages would have been far below the testimony of the city's expert.

[2, 3] The claimants were entitled to the amount of their damage as of November 2, 1895, the date when the street was legally closed (Matter of Grote Street, 139 App. Div. 69, 123 N. Y. Supp. 619), with interest therein down to July 20, 1910, less such sum as might be found to be the value of the restricted use of the property during so much of that time as it remained under the owner's control. Matter of Mayor, 40 App. Div. 281, 58 N. Y. Supp. 1144.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to confirm the report of the commissioners denied, with $10 costs, and the report recommitted to the commissioners, with instructions to report specifically whether or not they had included any allowance for interest in their awards; if so, to state what amount, if any, they have allowed against the same for the use of the property; and if they have not allowed any interest upon the amount of damages found, then to amend their report by including the same in their award. All concur.