## In re COLVIN ST. IN CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

1. MUNICIPAL CORPORATIONS (§ 392*)—CHANGE OF GRADE—PERSONS ENTITLED TO DAMAGES—LAND NOT FRONTING ON STREET—"FARM CROSSING"—"FARM LANDS."

A part of a city lot lying on one side of a railway right of way, connected by private crossing with the other part on the other side of the right of way and fronting on a street in which the grade had been changed, was not entitled to an award of damages for such change of grade, on the theory that the crossing made the two parcels one lot fronting on the street, since under Railroad Law (Consol. Laws 1910, c. 49) § 52, requiring every railroad to erect and maintain farm crossings wherever reasonably necessary for the use of the owners and occupants ·of adjoining lands, enacted for the benefit of farm lands on the ground of its necessity for the convenient working of such lands, the crossing was not a "farm crossing," making the two parts of the lot a single tract or "farm land."

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 936; Dec. Dig. § 392.*

For other definitions, see Words and Phrases, vol. 3, pp. 2698, 2699.]

2. MUNICIPAL CORPORATIONS (§ 398*)—CHANGE OF GRADE—PARTY ENTITLED TO DAMAGES.

The right to damages from a change of a street grade is not appurtenant to the real estate, so as to pass under a deed, in the absence of an express intention to include it, but is in the nature of a chose in action created by statute, which accrues to the person owning the land at the time the damage is done.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 953–957; Dec. Dig. § 398.*]

3. MUNICIPAL CORPORATIONS (§ 398*)—CHANGE OF GRADE—PARTIES ENTITLED TO DAMAGES—STATUTES.

Where the owner of land, fronting on a street in which an improvement by a change of grade had been commenced, transferred it, by warranty deed in the short form, before the change was completed, the grantee became the owner of the award therefor, since the amount of damage could not be ascertained until completion, and for the further reason that Real Property Law (Consol. Laws 1909, c. 50) § 255, expressly declares that a warranty deed in the short form passes all the grantor's claims and demands whatsoever, both in law and equity, in and to the granted premises; the right to an award arising out of the property, and being a claim and demand in and to the granted premises.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 953–957; Dec. Dig. § 398.*]

McLennan, P. J., dissenting in part.

In the matter of the application of the Grade Crossing Commissioners of the City of Buffalo, etc., as to lands claimed to be injured by change of grade of Colvin Street at the New York Central & Hudson River Railroad belt line, and claimed to be owned by Lila G. Dwyer and others. From the report of commissioners of appraisal, and from an order of the Supreme Court confirming such report, an appeal is taken. Order confirmed, except as to parcel No. 3, and as to Parcel No. 3 reversed, and proceeding remitted to the commissioners of appraisal, with direction to make new award, excluding all damages as to that part of parcel No. 3 lying south of the New York Central track,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

and motion to send report of commissioners back for the separation of items of damages denied.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Irving R. Templeton, of Buffalo, for Grade Crossing Com'rs.
Jeremiah J. Hurley, of Buffalo, for City of Buffalo.
Francis F. Baker, of Buffalo, for William H. Glenny.
Louis L. Babcock, of Buffalo, for Nichols School Const. Co. et al.
Lester F. Gilbert, of Buffalo, for New York Cent. & H. R. Co.

LAMBERT, J.  [1] The improvement under consideration is the change of grade of Colvin street, in the city of Buffalo. The appeal presents question only as to parcels 3 and 4. Parcel 3 consists of two subparcels, the one of which lies north of the tracks of the New York Central & Hudson River Railroad, and consists of $38\frac{1}{3}$ acres, and the other of which lies south of such tracks and contains $26\frac{1}{3}$ acres. The northerly of these subparcels fronts on Hertel avenue and Colvin street. The southerly one fronts on Amherst street alone. The sole connection between the two is a private crossing over the tracks and right of way of the railroad. The southerly tract having no frontage on the improved street, the sole justification for awarding any damages to it is upon the theory that by virtue of the private crossing the two subparcels are, in law, a single tract, the southerly portion thereby gaining a theoretical frontage on Colvin street, through the northerly portion.

To sustain the award to the southerly portion of parcel 3, our attention is called to the "farm crossing statute," so called. Section 52 of the Railroad Law. This statute requires every railroad to erect and maintain farm crossings whenever and wherever reasonably necessary for the use of the owners and occupants of adjoining lands. It is to me apparent that this statute was enacted for the benefit of farm lands. Hence the expression, "farm crossing." I see no justification for extending the plain spirit of the enactment to the present case, so as to permit the award to the southerly portion of parcel 3, upon the theory that these are farm lands, the convenient working of which requires this private crossing, and, when once that right is established, then to permit the award based upon a valuation as city property. The essential element of necessity for the convenient working of these lands is not present to any appreciable degree, and the conclusion is reached that these are not farm lands, nor is this a farm crossing, for the purposes here under consideration, within the meaning of the statute. There is no justification for the award of damage to the southerly portion of parcel 3.

[2] The only remaining question, requiring mention, arises as to parcel 4, through the intervention of William H. Glenny. The facts are practically without dispute. The elevation of the railroad tracks, in pursuance to the plan of this improvement, was commenced September 21, 1907. January 31, 1908, the new railroad fill was made across Colvin street and the street was closed to traffic. April 30, 1908, a temporary roadway over the fill was opened, and traffic in the street

resumed. It was not until June 4, 1909, that the city began the work of actually lowering the grade of the street. The work of grading was complete October 29, 1909, when the paving of the subway was commenced. February 17, 1909, Glenny was the owner of parcel 4, and on that date he executed a contract for the sale thereof to one Albright, providing for a conveyance to the purchaser August 15, 1909. This contract was made by Albright, for the benefit of the claimant, Nichols School Construction Company, and the deed was eventually made to the Construction Company. That deed bears date March 16, 1909, was acknowledged July 31, 1909, and recorded August 5, 1909. There being no specific proof as to a delivery, we must assume that it was delivered August 5th, the day it was recorded.

The general rule as to the ownership of damages in cases such as that here involved is not a serious dispute. The right to damages is not an appurtenant to the real estate such as would pass under a deed, in the absence of an expressed intention to include same. The right is in the nature of a chose in action created by statute. It accrues to the person owning the lands at the time the damage is done. The controversy arises in the application of such general rule to the undisputed facts in this proceeding. It is to be noted that the transfer of the title intervened the commencement of the change of grade and its completion, and it must be conceded that it is the change of the grade that causes the damage for which recovery is allowed.

We are cited to the case of People ex rel. Janes v. Dickey, 206 N. Y. 581, 100 N. E. 462, as being controlling here. But that case does not apply the general rule with sufficient strictness to be necessarily controlling. In that case the general rule is reiterated and applied, it is true. But there the question was as to the ownership of damages where the transfer intervened the filing of the plan and the commencement of the actual work of changing the grade of the street. It was there held that the right became vested in the owner at the time the damage was done. But the very statement of the rule, it seems to me, compels the conclusion that the ownership of the award must await the completion of the damage. Until then, no one can tell how much damage will be done. The plan of the work may be changed or modified, and no damages are ascertainable until its completion. The damage here is purely consequential. None of the parcel is actually taken for the improvement, and, in the determination of the amount of damage, benefits are to be taken into account. How, then, can the damages be said to be ascertainable until the work is complete, and the benefits are balanced against the disadvantages? We find support for our conclusion, in the case of Matter of Grade Crossing Commissioners, 154 N. Y. 550, 49 N. E. 127, where the court said:

"Just damages can only be based upon the fact of injury, found upon evidence tending to show injury done."

The fact or amount of injury done, it would seem, must await the completion of the work of the change of grade.

[3] There is another and seemingly conclusive reason for affirming the award as to parcel 4. The short form of warranty deed was adopted in making the transfer of Glenny. By section 255 of the Real Property Law, the Legislature has construed the meaning of such a

form of grant, and has declared what passes thereunder to include all claim and demand whatsoever, both in law and equity, of said grantor of, in, and to the granted premises. The right to the award arises from and out of the property, and is therefore a claim and demand of, in, and to the granted premises. Very clearly, then, if Glenny had the right to the award, he conveyed it under this deed. Mayor v. Curran, 15 Daly, 116, 3 N. Y. Supp. 533; Charde v. Brooklyn, 8 Misc. Rep. 598, 29 N. Y. Supp. 390.

It follows that the award and order appealed from should be in all things affirmed, except as to parcel 3; that, as to parcel 3, same should be reversed, and the proceeding remitted to the commissioners of appraisal, with the direction to make a new award, excluding all damages as to the southerly tract of parcel 3, without costs of this appeal to either party.

Order confirmed, except as to parcel No. 3, and as to parcel No. 3 reversed, and proceeding remitted to commissioners of appraisal, with direction to make a new award, excluding all damages as to that part of parcel No. 3 lying south of the New York Central track, without costs of this appeal to either party. McLENNAN, P. J., concurs for reversal as to parcel No. 3 and in the direction given to the commissioners, but votes for the giving of the further direction to separate the award, so as to show the part awarded for change in grade of street and the part awarded for change in grade of railroad, but dissents as to the affirmance of the award as to the other parcels, and votes to send report as to such parcels back to the commissioners to similarly separate such damages, upon the grounds stated in his dissenting memorandum in proceeding No. 95, handed down this day. 140 N. Y. Supp. 880. Motion to send report of commissioners back for the separation of items of damages denied, with $10 costs. All concur, except McLENNAN, P. J., who dissents upon the grounds stated in his dissenting memorandum in proceeding No. 95, handed down this day.