In the Matter of the Application of the CITY OF NEW YORK, Appellant and Respondent, Relative to Acquiring Title to Lands Required for the Opening of Newton Avenue, Borough of The Bronx.

AUGUSTUS VAN CORTLANDT, Respondent and Appellant.

Highways — discontinuance of public highway under statute (L. 1895, ch. 1006) — effect of filing map of proposed discontinuances — claims by abutting owners for injuries caused by discontinuance of highway — when owner has had no notice, actual or constructive, period of limitation prescribed by section 5 of statute is inapplicable.

1. The petitioner moved, under chapter 1006 of the Laws of 1895, that commissioners of estimate report the compensation due to him because of the discontinuance of the Albany Post road and the extinguishment of his easements therein. The validity and effect of the statute are no longer open questions. When a map is filed under section 2 of that act discontinuing an existing highway, all

easements, public and private alike, are thereby extinguished, and this result follows as soon as any one of the streets that bound the block is opened.   One of the streets bounding the petitioner's land was physically open when the map was filed.   Hence the result is that upon the filing of the map in November, 1895, the easements were appropriated.   (*Barber* v. *Woolf*, 216 N. Y. 7, followed.)

2. The owner of this land had no notice, actual or constructive, of the filing of the map.   Until the physical invasion of his easements in 1914, he had no notice of an intent to close the existing highway. In such circumstances, the period of limitation prescribed by section 5 of the statute is inapplicable, and the petitioner is not barred from the right to compensation.   (*Matter of City of New York* [*Grand Boulevard and Concourse*], 212 N. Y. 538, distinguished.)

*Matter of City of New York* (*Newton Avenue*), 173 App. Div. 32, affirmed.

(Argued October 12, 1916; decided December 28, 1916.)

CROSS-APPEALS, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 2, 1916, which affirmed an order of Special Term directing commissioners of estimate appointed in proceedings to acquire land required for the opening of Newton avenue in the borough of The Bronx to ascertain and determine the compensation which should justly be made in accordance with chapter 1006 of the Laws of 1895, to Augustus Van Cortlandt, individually and as executor of the last will and testament of Augustus Van Cortlandt, deceased, for the loss and damage sustained by certain premises abutting on Albany Post road by the alleged closing, discontinuance and abandonment of said road through the filing of the final maps of the twenty-third and twenty-fourth wards which did not show said road as a permanent street.

The Appellate Division certified the following questions:

1. Were the private easements of Van Cortlandt over the Albany Post road extinguished and appropriated by the operation of section 2 of chapter 1006 of the Laws of 1895 on the 2d day of November, 1895, by the filing on

said day of section 25 of the final maps and profiles of the twenty-third and twenty-fourth wards, pursuant to the provisions of chapter 545 of the Laws of 1890, and amendatory acts?

2. If the first question be answered in the negative, were the private easements of Van Cortlandt over the Albany Post road extinguished and appropriated on November 25, 1910, by the re-regulating and re-grading on or about said date of Broadway, between West Two Hundred and Fifty-third and West Two Hundred and Fifty-sixth streets?

3. If the first and second questions be answered in the negative, were the private easements of Van Cortlandt over the Albany Post road extinguished and appropriated on the 6th day of August, 1914, on or about which date West Two Hundred and Fifty-fourth street was physically opened, regulated and graded at an elevation approximately five feet above the surface grade of the Albany Post road?

4. If the first, second and third questions be answered in the negative, were the private easements of Van Cortlandt over the Albany Post road extinguished and appropriated on the 16th day of September, 1914, on or about which day Newton avenue was physically opened, regulated and graded from West Two Hundred and Fifty-third to West Two Hundred and Sixtieth streets?

5. If the first, second, third and fourth questions be answered in the negative, was the petitioner entitled to apply under section 14 of chapter 1006 of the Laws of 1895 to have the commissioners of estimate in the Newton avenue proceeding ascertain his damages?

6. If the fifth question be answered in the affirmative, were the private easements of Van Cortlandt over the Albany Post road extinguished and appropriated on the date of the entry of the order authorizing the commissioners of estimate in the Newton avenue proceeding to ascertain his damages?

26

7. If the first question be answered in the affirmative, did the failure of Van Cortlandt to file with the chief financial officer of the city of New York a claim for the damages caused by the closing of the Albany Post road within six years after November 2, 1895, bar his right to a recovery for such damages?

8. If the first question be answered in the affirmative, and the seventh question in the negative, did the failure of Van Cortlandt to file with the chief financial officer of the city of New York a claim for the damages caused by the closing of Albany Post road until April 1, 1915, bar his right to recovery for such damages?

The facts, so far as material, are stated in the opinion.

*Lamar Hardy*, Corporation Counsel (*Joel J. Squier* and *John J. Kearney* of counsel), for city of New York, appellant and respondent. Section 2 of the Street Closing Law, to the extent that it provides that the mere filing of maps pursuant thereto, or that the physical opening of the permanent streets shown thereon shall operate to extinguish private easements in streets to be closed, amounts to a taking of private property without due process of law and is void. (*Reis* v. *City of New York*, 188 N. Y. 58; *Chegaray* v. *Mayor, etc.*, 13 N. Y. 220; *Stuart* v. *Palmer*, 74 N. Y. 183; *People* v. *Mosher*, 163 N. Y. 32; *City of Rochester* v. *West*, 164 N. Y. 510; *Rathbone* v. *Wirth*, 150 N. Y. 459; *Coxe* v. *State*, 144 N. Y. 396; *Matter of Grand Boulevard*, 212 N. Y. 538; *Barber* v. *Woolf*, 216 N. Y. 7; *Johnson* v. *Cox*, 196 N. Y. 110.) The provisions of section 5 of chapter 1006 of the Laws of 1895 requiring the filing of a claim is an essential part of the scheme of appropriation contained in section 2 of that act. If the limit fixed by the statute is the invalid exercise of legislative power, the provisions of section 2 relating to the extinguishment of private easements by the filing of the final map or plan of the twenty-third and twenty-fourth wards are unconstitu-

tional. (*Matter of Grand Boulevard*, 212 N. Y. 538; *Matter of Walton Avenue*, 131 App. Div. 696, 714; 197 N. Y. 518; *Matter of Richard Street*, 138 App. Div. 821; *Matter of Grote Street*, 139 App. Div. 69; 199 N. Y. 549; *Matter of Dimelow*, 145 App. Div. 855; 204 N. Y. 670; *Matter of Woolley*, 156 App. Div. 775; 209 N. Y. 571; *People ex rel. Winthrop* v. *Delany*, 120 App. Div. 801; 192 N. Y. 533; *Matter of Mayor, etc.*, 28 App. Div. 143; 157 N. Y. 409; *People ex rel. Brown* v. *Metz*, 119 App. Div. 271; 189 N. Y. 550; *Poindexter* v. *Grunhow*, 114 U. S. 270.) If this court should hold that petitioner's easements were lawfully appropriated and absolutely extinguished on November 2, 1895, by the filing on said day of the final maps of the twenty-third and twenty-fourth wards, then petitioner, having failed to file a claim as provided in the Street Closing Act, is barred from recovering compensation for the loss of his easements. (*Matter of Walton Ave.*, 131 App. Div. 696; 197 N. Y. 518; 209 N. Y. 571; *Matter of Dimelow*, 145 App. Div. 855; *Matter of Grand Boulevard*, 212 N. Y. 538; *People ex rel. Canavan* v. *Collis*, 20 App. Div. 341; *Matter of Mayor, etc.*, 40 App. Div. 281; *Matter of Riverside Park*, 59 App. Div. 603; 167 N. Y. 627.)

*Philip B. La Roche, Jr.*, for Augustus Van Cortlandt, respondent and appellant. Albany Post road was not legally closed, in the sense that private easements were appropriated, in 1895, but it was closed in 1910 by the regulating and grading, in that year, of Broadway, the first permanent block bounding street opened as laid out on the plan filed pursuant to the provisions of section 2 of the statute. (*Matter of City of Buffalo*, 78 N. Y. 362; *Matter of Marsh*, 71 N. Y. 315; *Schneider* v. *City of Rochester*, 160 N. Y. 172; *Matter of Walton Ave.*, 131 App. Div. 696; 197 N. Y. 518; *Matter of Mayor, etc.*, 166 N. Y. 496; *Matter of City of New York*, 192 N. Y. 459; *Matter of Spuyten Duyvil Road*, 152 App. Div. 114; *Mat-*

*ter of Juniper Ave.*, 162 App. Div. 291; 213 N. Y. 654.) If this court finds that the easements were extinguished in 1895, it must hold that Van Cortlandt's claim is not barred by any Statute of Limitations. (*Matter of Grand Boulevard*, 212 N. Y. 538; *People* v. *Smith*, 21 N. Y. 595; *Matter of Union E. R. R. Co.*, 112 N. Y. 77; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9; *McCormick* v. *City of Brooklyn*, 108 N. Y. 49.) The statute is constitutional. (*People* v. *Ringe*, 197 N. Y. 143; *Matter of Middletown*, 82 N. Y. 196; *People ex rel.* v. *Warden of City Prison*, 144 N. Y. 529; *People* v. *Lochner*, 177 N. Y. 157; *Matter of West 151st St.*, 67 Misc. Rep. 632; *Matter of Grand Boulevard*, 212 N. Y. 538; *People ex rel. Augerstine* v. *Kinney*, 96 N. Y. 294; *Allen* v. *Louisiana*, 103 U. S. 80; *Huntington* v. *Worthen*, 120 U. S. 97; *Harris* v. *Supervisors, etc.*, 33 Hun, 279; *Webb* v. *Mayor, etc.*, 64 How. Pr. 13; *Lawton* v. *Steele*, 116 N. Y. 227; *Long Sault Development Co.* v. *Kennedy*, 158 App. Div. 406; *Brennan* v. *New York*, 122 App. Div. 479; *Hennessey* v. *Volkening*, 30 Abb. [N. C.] 111; *Matter of New York, etc., Bridge Co.*, 148 N. Y. 554; *Matter of Oneida Street*, 37 App. Div. 271; *Gause* v. *Boldt*, 49 Misc. Rep. 346; *Matter of City of Buffalo*, 15 N. Y. Supp. 859.)

*Benjamin Trapnell* for heirs of William Samler et al., intervening. The petitioner's easements in Albany Post road were extinguished at the date of filing the final map showing the purpose to close that highway; because a then existing street bounding the block was continued as a permanent street. (*Matter of Walton Ave.*, 131 App. Div. 696; 197 N. Y. 518.) The provisions of section 2 of the Street Closing Act declaring the extinction of abutter's easements upon the filing of a map showing the intention to close a street, are in no wise in conflict with the Constitution. (*Litchfield* v. *Bond*, 186 N. Y. 66; *Sage* v. *City of Brooklyn*, 89 N. Y. 189; *Matter of Mayor, etc.*, 99 N. Y. 569; *Brewster* v. *Rogers Co.*, 169

N. Y. 73; *People* v. *Adirondack R. Co.*, 160 N. Y. 241; *People ex rel. Lasher* v. *City of New York*, 75 App. Div. 75; 211 N. Y. 439.) The validity and effect of the Street Closing Act as a whole are in no wise impaired by the invalidity of the provision of section 5 thereof which assumes to bar the abutter's claim for compensation for the appropriation of his easements by mere lapse of time without notice to him of such appropriation. (*Matter of Grand Boulevard*, 212 N. Y. 538; *Matter of Dimelow*, 145 App. Div. 855; 204 N. Y. 670; *Pollock* v. *F. L. & T. Co.*, 158 N. Y. 601; *Bell* v. *Morrison*, 1 Pet. 351.) The Street Closing Act contains no valid time limitation upon the filing of claims for compensation for the appropriation of easements based on the closing of a street as incident to the establishment of a new permanent system of streets by the filing of a final map for that purpose. (*Matter of Grand Boulevard*, 212 N. Y. 538.)

CARDOZO, J. In 1895, Augustus Van Cortlandt owned land which fronted on the Albany Post road in the city of New York, and extended from Two Hundred and Fifty-third street on the south to Two Hundred and Fifty-sixth street on the north. On the official map filed by the commissioner of street improvements in November, 1895, the Albany Post road was discontinued as a highway. The Van Cortlandt lots, as shown on the map, were bounded by Broadway on the east and Newton avenue on the west. Broadway, at that time, had been opened, and was already an existing street. Its grade was changed, however, in November, 1910. The Albany Post road, though discontinued on the map, remained in use as a highway, to the same extent as before, until August, 1914. At that time Two Hundred and Fifty-fourth street was opened so as to cross the Albany Post road five feet above its grade, and thereby bar its further use. Augustus Van Cortland who owned the lots in 1895, died in 1912, and title is now held by the trustee under

his will. There has been no other change of ownership. In April, 1915, the petitioner, individually and as trustee, moved that commissioners of estimate report the compensation due to him because of the discontinuance of the Albany Post road, and the extinguishment of his easements therein. The application was made under chapter 1006 of the Laws of 1895.

The validity and effect of that statute are no longer open questions in this court. We have held that when a map is filed under section 2, discontinuing an existing highway, all easements, public and private alike, are thereby extinguished (*Barber* v. *Woolf*, 216 N. Y. 7, reviewing all the cases). The statute says (§ 2) that this result shall follow as soon as any one of the streets that bound the block is opened. We have held that this means as soon as any of such streets are physically opened (*Matter of City of New York*, 192 N. Y. 459; *Matter of Mayor, etc., of N. Y.* (*Walton Avenue*), 131 App. Div. 696, 721; affd., 197 N. Y. 518; *Matter of City of New York* (*Dimelow*), 145 App. Div. 855; 204 N. Y. 670). One of the streets bounding the petitioner's land is Broadway, and Broadway was physically open when the map was filed. The result is that upon the filing of the map in November, 1895, the easements were appropriated.

The next question is whether there is any statute of limitation which has barred the right to compensation. The owner of this land had no notice, actual or constructive, of the filing of the map. Until the physical invasion of his easements in 1914, he had no notice of an intent to close the existing highway. In such circumstances, the period of limitation prescribed by section 5 of the statute is inapplicable. This was held in *Matter of City of New York* (*Grand Boulevard and Concourse*) (212 N. Y. 538). Our ruling there was limited to claims where highways are discontinued under section 2. It has no application to a closing under section 3, where action proceeds upon notice to the owners. There was a

query in that case " whether the failure of the limitation carries with it as an additional consequence a failure of the appropriation." But while asking the question, we expressly declined to answer it. " We are not required," we said, " to resolve these doubts in order to decide the case at hand." *Barber* v. *Woolf*, which was decided the following year, took up the subject anew, and held in an opinion by the chief judge, which was intended to settle the law (216 N.Y. at p. 16), that section 2 of the act was operative and valid. Any doubts suggested by earlier decisions were thereby dispelled. But aside from the authority of *Barber* v. *Woolf*, we are satisfied that the invalidity of the limitation prescribed by section 5 has no effect upon the validity of other sections of the law. The scheme of the statute has not been mutilated in essentials. The city is not expected to wait till property owners have complained. Section 4 makes it the duty of the corporation counsel, as soon as he receives a copy of the map, to apply to the court for the appointment of commissioners to ascertain and determine the compensation of owners whose rights have been extinguished. If, therefore, there has been undue delay, the officers of the city are themselves to blame for it (*Drury* v. *Midland R. R. Co.*, 127 Mass. 571, 585, 586). It was their right at any time, and indeed it was their duty, to set the proper proceedings in motion and limit the damages accordingly.

We are told that great hardship will result to the city if it is charged with interest since the appropriation in 1895. But we do not now decide that it *is* chargeable with interest. That question has not been certified to us. The Albany Post road, though nominally closed in 1895, was not physically closed until 1914. Up to that time the adjoining owners had the same use of it that they had in former years. It will be for the courts below to determine, when the commissioners make their report, whether the value of the beneficial use may be set off against interest on the award (*Matter of Dept. of Public*

*Parks*, 53 Hun, 280; *Matter of Mayor, etc., of N. Y.*, 40 App. Div. 281, 286, 287; *Matter of Mayor, etc., of N. Y.* [*Grote Street*], 150 App. Div. 215, 218, 219; *Matter of Mayor, etc., of N. Y.* [*Riverside Park*], 59 App. Div. 603, 605; 167 N. Y. 627; *Fink* v. *Newark*, 40 N. J. L. 11). The question is one which is at least debatable. We cannot assume, therefore, at this time that an award of interest will follow. But the gravity of the hardship, in any event, may be doubted. The property owners insist that the taking became complete in 1914, and the city insists that we must date it back to 1895. Evidently the interest, however high, does not equal the intermediate appreciation in the value of the land. The city is in a position, moreover, to recoup the loss which it may suffer. By section 6 of the act the cost of extinguished easements must, to the extent of the resulting benefits, be assessed upon the land within the boundaries of the streets. The ultimate burden will rest, not upon the city, but upon the owners whose land is restored to them freed from the easements which once restricted their enjoyment.

Our conclusion is that the act of 1895 is constitutional in its extinguishment of private easements; that the easements were appropriated in 1895; and that the claimant's right to compensation has not been barred by limitation.

The order should be affirmed, with costs; the first question should be answered in the affirmative; the seventh and eighth should be answered in the negative; and it is unnecessary to answer the other questions.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, and HOGAN, JJ., concur with CARDOZO, J.; CUDDEBACK, J., dissents.

Order affirmed.