·THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK.

COMMENCING NOVEMBER, 1918.

---

Matter of Application of THE CORPORATION COUNSEL OF THE CITY OF NEW YORK, for the Appointment of Commissioners of Estimate and Assessment to Ascertain and Determine the Compensation which Should Justly Be Made to Owners Abutting on OLD KINGSBRIDGE ROAD, for Damages Caused by the Closing of Portions of Old Kingsbridge · Road, Situated in Blocks 3100, 3101, 3113 and 3085, Borough of The Bronx, City of New York.

(Supreme Court, New York Special Term, November, 1918.)

Condemnation proceedings — when report of commissioners in, confirmed — who entitled to recover ·damages — awards — abutting owners — judgments — appeal — constitutional law — Statute of Limitations — Real Property Law, § 255 — Laws 1895, chap. 1006, § 14.

Upon motion to confirm the report of commissioners in condemnation proceedings owners of several parcels of the property sought to be taken, claiming that the whole of the awards therefor were due and payable to them, presented objections to the awards being made to G. therefor on the grounds, (1) that G. was not entitled thereto either legally or equitably, and (2) that a dispute as to the right and title to the awards having arisen they should have been made to " unknown owner or owners." It appeared that thirteen months after the accrual of damages G. for a recited consideration conveyed the property by a deed containing the clause " Together with the

1

appurtenances and all the estate and rights of the party of the first part in and to said premises." *Held*, that if, in view of said clause and its meaning as declared by section 255 of the Real Property Law, G. had the right to the awards in question, she conveyed it by said deed.

The final judgment entered upon confirmation of the report of the commissioners in a street opening proceeding, by which it was held that the immediate grantee of G. was not entitled to recover damages caused to the lands formerly owned by G. because said grantee was not the owner thereof when the damage thereto accrued, was an adjudication final and binding against said grantee and his successors in title not only on all questions actually litigated but which could have been litigated.

That the immediate grantee of G. could have but did not litigate his claim that his grantor had transferred her right to damages to him by the deed in question was strong proof on the question of intent that such transfer was not so made.

The affirmance by the Appellate Division of a discretionary order made pursuant to section 14 of chapter 1006 of the Laws of 1895, denying an application of G. to have the commissioners in the other proceeding ascertain her damages in connection with the closing of the street abutting property formerly owned by her, may not be considered a judgment finally determining her right to recovery of such damages.

Such order which was not appealable as of right to the Court of Appeals simply disposed of her application and in nowise affected her rights under section 4 of said statute to compel the corporation counsel to institute the proceedings provided for thereby, and as he voluntarily proceeded herein under said section 4 and, as the six years' Statute of Limitations provided by said statute within which a claim for damage must be filed with the comptroller of the city has been declared unconstitutional, the commissioners herein properly awarded the damages for the parcels in question to G., and their report will be confirmed.

MOTION to confirm commissioners' report in condemnation proceedings.

Egan & O'Reilly (Dominic L. O'Reilly, of counsel), for various owners.

Misc.]            Supreme Court, November, 1918.

Philip B. La Roche, Jr., for Estate of Margaret Armstrong.

Merle I. St. John (Thomas C. Blake, of counsel), for Margaret M. Gleason.

Neier & Van Derveer (Lawrence E. French, of counsel), for Catharine O'Rourke et al.

William P. Burr, corporation counsel (James Regan Fitzgerald, of counsel), opposed.

DELEHANTY, J.  Two sets of objections to the confirmation of the commissioner of awards herein are presented, one by city of New York and the other by the present owners of the damaged property.  The city opposes confirmation on the ground that the awards made are excessive and beyond the damage suffered by claimants.  My attention has not been called to any error in principle adopted by the commissioners herein or any irregularity on their part going to the merits of the proceeding, and as it appears that the property involved was duly viewed by them and experts heard on the question of damage I am not inclined to disturb the determination reached in respect thereto.  The present owners of the several properties known as damage numbers 13, 14, 15, 16 and 17 object to the awards made therefor to Margaret M. Gleason for the reason, *firstly,* that she is neither legally nor equitably entitled thereto, the whole thereof being due and payable to said objectors, and, *secondly,* because a dispute as to the title and right to said award having arisen the commissioners should have made the award to " unknown owner or owners. "  The contention of the objectors is that on December 3, 1896, thirteen months after the accrual of damages, viz., on November 2, 1895, Margaret M. Gleason transferred by deed said property abutting on Kingsbridge road

Supreme Court, November, 1918.       [Vol. 105.

to one Dowd for a consideration of $4,000, which deed contained the clause " together with the appurtenances and all the estate and rights of the party of the first part in and to said premises," and as a result thereof sold and assigned any award to which she was then or theretofore entitled to for the extinguishment of the easements involved herein. The basis of this claim is section 255 of the Real Property Law, which was in force and effect prior to the deed of December 3, 1896, above mentioned. That section provides as follows: " Section 255. Construction of grant of appurtenances and of all the rights and estate of grantor. —In any grant or mortgage of freehold interests in real estate the words, ' together with the appurtenances and all the estate and rights of the grantor in and to said premises,' must be construed as meaning, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, dower and right of dower, curtesy and right of curtesy, property, possession, claim and demand whatsoever, both in law and in equity, of the said grantor of, in and to the said granted premises and every part and parcel thereof, with the appurtenances." It seems to me, in view of the language used in the deed to Dowd and the construction placed on such use of words in the statute quoted, that if Margaret M. Gleason had the right to the award in question that she conveyed it under the deed mentioned. *Matter of Colvin St.,* 140 N. Y. Supp. 882, 884. That right having been by mesne conveyances transferred to the objectors, those owners are entitled to succeed to the award in question unless, as claimed by Margaret M. Gleason, there is a final judgment of this court holding that Dowd by

reason of his deed to the premises in question is not
entitled to compensation for damages. The judgment
referred to is on the report of the commissioners in
*Matter of Grote Street,* confirmed by order dated
December 23, 1910, which held that Dowd was not
entitled to recover the damages caused to the lands
formerly owned by Margaret M. Gleason because not
the owner of the premises on November 2, 1895, the
time when the damage thereto accrued. It seems to
me that this was an adjudication final and binding
against Dowd, not only on all questions actually
litigated, but which could have been litigated. That
he could have litigated, but did not do so, his claim
that Margaret M. Gleason had transferred her right
to damages to him by her deed of the property in ques-
tion is strong proof on the question of intent that the
transfer was not so made, but also a binding judgment
against Dowd and his successors in title on that
question. It is urged, however, that Margaret M.
Gleason is in no better position to assert her claim to
the award in question than Dowd. I do not think, as
claimed, that the affirmance by the Appellate Division
(*Matter of Grote St.,* 139 App. Div. 70) of the order
denying the application of Margaret M. Gleason to
have the commissioners in the Grote street proceed-
ing ascertain her damages in connection with closing
of the street abutting property formerly owned by her
can be considered a judgment finally determining her
right of recovery of such damages. The order was a
discretionary one, made pursuant to section 14, chapter
1006, Laws of 1895, and remained such on affirmance
by the Appellate Division and was not as of right
appealable to the Court of Appeals. It simply disposed
of Margaret M. Gleason's application to have the
Grote street commissioners estimate her damages pur-
suant to said section 14, but in nowise affected her

rights under section 4 of said act to compel the corporation counsel to institute the proceedings which that act provides for. As the corporation counsel has himself voluntarily proceeded herein under said section 4, and as the six years' Statute of Limitations provided by said act within which a claim for damage must be filed with the comptroller has been declared unconstitutional (*Matter of City of New York* [*Newton Ave.*], 219 N. Y. 399), I conclude that the commissioners herein properly awarded the damages for the parcels in question and that said report should be confirmed.

Ordered accordingly.