In the Matter of the Application of the CITY OF NEW
YORK for the Appointment of Commissioners of Esti-
mate and Assessment to Ascertain Damages Caused
by Closing of Portions of Old Kingsbridge Road.
HUGH P. O'RORKE et al., Appellants; MARGARET M.
GLEASON, Respondent.

**New York (city of) — discontinuance of street — conflicting
claims for award — commissioners of estimate and assessment
have no power to determine such claims.**

Where property which abutted upon a street in the city of New York,
which was discontinued, was conveyed by the then owner before the
award for the damages to the property was made, and such former
owner and the present owner, under mesne conveyances, both claim
the award, the commissioners of estimate and assessment have no
power to determine such conflicting claims, and the Special Term
erred in directing payment in accordance with their report. The order
should have directed that the award be retained by the comptroller,
or paid into the Supreme Court, to await the result of proceedings for
the distribution of the fund. (L. 1895, ch. 1006, § 11.)

*Matter of City of New York (Old Kingsbridge Road)*, 190 App. Div.
906, reversed.

(Submitted April 14, 1920; decided May 4, 1920.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered December 30, 1919, which affirmed an
order of Special Term confirming the report of com-
missioners of estimate and assessment in street closing
proceedings.

The facts, so far as material, are stated in the opinion.

*Lawrence E. French* for appellant. Commissioners of
estimate are limited solely to the ascertainment of the
" compensation justly to be made; " have no authority
whatever to determine a dispute of title, and must, there-
fore, upon a dispute raised, make the award to " unknown

owner," leaving intact the rights of all parties to have the issue of title tried out in a proper action or by the further procedure provided in the Closing Act itself, where the facts may be fully developed by common-law evidence. Therefore, the making of the award for damage Nos. 13, 14, 15, 16, 17 to " Margaret M. Gleason " by name is in contravention of the rights of these appellants, is in excess of the commissioners' jurisdiction, and constitutes reversible error. (*Matter of Comrs. of Public Works*, 135 App. Div. 561.)

*Merle I. St. John* and *Thomas C. Blake* for respondent. The award should not be made to unknown owner. (*Matter of City of New York* [*West 151st St.*], 149 App. Div. 57; *Youngs* v. *Stoddard*, 27 App. Div. 166; *Farrington* v. *City of New York*, 93 Hun, 124; *Matter of Cooper*, 93 N. Y. 507.)

CARDOZO, J.   This is a proceeding under Laws of 1895, chapter 1006, to ascertain the damages caused to abutting owners by the closing of Old Kingsbridge road in the city of New York, and the appropriation and extinguishment of easements therein.

Kingsbridge road was discontinued as a street on November 2, 1895, through the filing of an official map by the commissioner of street improvements of the twenty-third and twenty-fourth wards of the city of New York. Damage parcels 13 to 17 inclusive are the subject of this controversy. One of the streets laid out upon the map as bounding the block in which those parcels are located was already physically open when the map was filed. The result is that upon the filing, in November, 1895, all easements, public and private, in the discontinued road were condemned and extinguished (*Matter of City of New York, Newton Ave.*, 219 N. Y. 399, 406). At that time the respondent Gleason was the owner of the land affected. At the time of the commencement of this proceeding and

of the commissioners' report, ownership was in the appellants as the result of mesne conveyances. Appellants and respondent made conflicting claims to the award (*King* v. *Mayor, etc., of N. Y.*, 102 N. Y. 171; *Magee* v. *City of Brooklyn*, 144 N. Y. 265). The commissioners, against the protest of the appellants, tried the merits of the conflict, and upheld the title of the respondent. The Special Term directed payment in accordance with the report.

We think the order should have directed that the award be retained by the comptroller, or paid into the Supreme Court (L. 1895, ch. 1006, sec. 11). There is no controversy here between the claimants and the city. It is undisputed that one set of them or the other is entitled to the money. The controversy is solely among the claimants, *inter se*. Collectively they represent every interest in the fund. The only question is how they shall divide it among themselves (*Barnes* v. *Midland R. R. Ter. Co.*, 218 N. Y. 91, 100, 101). We think it is no part of the function of commissioners of appraisal to prescribe the method of division. Even though they have assumed to do so, the controversy remains open at the suit of any claimant (L. 1895, ch. 1006, sec. 11). The scheme of the statute is that when conflicting claims develop, the award shall be held by the comptroller or paid into the court, and the claimants remitted to proceedings for the distribution of the fund. The limitation thus affixed to the power of commissioners is in harmony with established practice (L. 1895, ch. 1006, sec. 11; Code Civ. Pro. sec. 3378; *People ex rel. Palmer* v. *Travis*, 223 N. Y. 150; *People ex rel. Smith* v. *Sohmer*, 163 App. Div. 830; 215 N. Y. 709; *Matter of Dept. of Public Parks N. Y.*, 53 Hun, 280, 297; *Matter of Commr. of Public Works N. Y.*, 135 App. Div. 561, 568; *N. Y. C. & H. R. R. R. Co.* v. *Mathews*, 144 App. Div. 732, 735; *Eyre* v. *City of Faribault*, 121 Minn. 233; *Pinney* v. *Winsted*, 79 Conn. 606, 615; 2 Lewis on Eminent Domain, secs. 635, 659).

The order should be reversed, with costs in the Appellate Division and in this court, and the matter remitted to the Special Term for the entry of an order in conformity with this opinion.

Hiscock, Ch. J., Chase, Hogan, McLaughlin and Crane, JJ., concur; Elkus, J., not voting.

Orders reversed, etc.