In the Matter of the Application of the CORPORATION COUNSEL OF THE CITY OF NEW YORK for the Appointment of Commissioners of Estimate and Assessment, to Ascertain and Determine the Compensation Which Should Justly Be Made to Owners Abutting on Garden Place and Vernon Parkway for Damages Caused by the Closing of Garden Place, Situated in Blocks 5084 and 5087, and of Vernon Parkway, Situated in Blocks 5085 and 5111, in the Borough of the Bronx, City of New York.

SOUND REALTY COMPANY, Appellant; CITY OF NEW YORK, Respondent.

First Department, January 26, 1940.

*Bernard H. Arnold*, for the appellant.

*Lewis Orgel* of counsel [*Julius Isaacs* and *Samuel K. Handel* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

*Harry Lesser* of counsel [*Lesser & Lesser*, attorneys], for Wakefield Taxpayers & Civic League, Inc., Bathgate Taxpayers Association, Cranford Taxpayers Association, as *amici curiæ*.

GLENNON, J. Sound Realty Company, the appellant, in February, 1920, made an application at Special Term, Bronx county, for an order of mandamus directing the corporation counsel to institute a proceeding for the appointment of commissioners to determine the compensation to be made to it by reason of the closing, pursuant to chapter 1006 of the Laws of 1895, of Vernon parkway, in front of premises known as lots 448 and 449 on the

map of South Vernon park, section A of Cranford property, South Mount Vernon, New York, filed New York, December 13, 1895, as Map No. 1063. The property involved is known as Damage Parcel No. 2.

The motion was granted and the matter was referred to three commissioners who had theretofore been appointed by the court. Testimony as to Damage Parcel No. 2 was taken before the commissioners but was not completed. Consequently no award was contained in the report as to Damage Parcel No. 2. Objections were filed by Sound Realty Company. The report was confirmed by an order of Special Term dated December 3, 1926, except as to Damage Parcel No. 2 and other parcels.

Later, in August, 1927, the corporation counsel commenced another proceeding to determine the compensation to be paid to other owners of property abutting on Vernon parkway and Garden place. Thereafter and on or about July 11, 1932, Sound Realty Company made an application to the Supreme Court, Bronx county, for a peremptory order of mandamus directing the corporation counsel to institute similar proceedings to ascertain the damage sustained by Sound Realty Company as owner of premises known as lots 448 and 449.

Thus it will be seen that it became necessary for Sound Realty Company, after a lapse of some twelve years, to institute a second proceeding for the same relief which it originally sought. The commissioners heard considerable testimony of various witnesses and received in evidence a number of documents. Subsequently the commissioners made an award of $1,425 for Damage Parcel No. 2 to Sound Realty Company but refused to allow interest. They concluded that the beneficial use enjoyed by the abutter on the legally closed but physically open Vernon parkway " is a proper offset " which they found to be " equivalent to the full amount of interest." Later the commissioners reversed themselves and allowed interest without offset on the ground that *Matter of Old White Plains Road* (246 App. Div. 698; 249 id. 618; affd., 273 N. Y. 611) precluded any offset against the interest allowance for the value of " beneficial use."

Later, when the report was presented for confirmation at Special Term, the corporation counsel interposed objections to the refusal of the commissioners to offset the value of the " beneficial use " against the interest allowance. Special Term after due consideration again referred the matter to the commissioners with instructions to determine what offset should be made and to make a supplemental report.

Finally the commissioners valued the " beneficial use " as equal to the interest allowance and made an offset on that basis, thereby depriving the claimant of any interest.

At this point it would be advisable to trace the title of Sound Realty Company to the award. Sound Realty Company received its title to lots 448 and 449 from Cathleen Turney by deed dated March 14, 1906. There is no dispute about the fact that its title was without flaw. The city closed Vernon parkway on December 30, 1909. While legally closed, Vernon parkway remained open for use during the time that Sound Realty Company owned the lots. However, on January 19, 1911, Sound Realty Company conveyed the lots together with other property to Alfred C. Bachman. The latter in turn conveyed to the City Real Estate Company and that company conveyed to the Rapid Transit Subway Construction Company. Sound Realty Company is the only claimant in this proceeding. Its grantee and his successors in title have filed no claims for any damage due to the closing of Vernon parkway.

A contract of sale of the lots prior to their conveyance by Sound Realty Company was entered into on July 12, 1910, between the latter company and J. Clarence Davies, who apparently assigned his contract before title was closed. This contract contained the following clauses:

" Excepting from said premises any part thereof which has been taken or may be taken before the delivery of the deed hereunder for streets or any other public purpose.

" Including all the right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue shown on said map, and in any street, road or avenue opened or proposed in front of, adjoining or included within premises above described, except that the seller is to retain the award or awards which the seller may collect on or before October first 1910, or which may be collectible on or before October first, 1910, for any part of the land above described which may be taken or have been taken by the City of New York. Excepting the awards last mentioned, there is included in this sale all the right, title and interest of the seller in and to any award made or to be made for the taking of any part of said premises for streets or any public purpose and the seller will execute and deliver to the purchaser on closing title or thereafter on demand, all proper instruments for the conveyance of such title and the assignment and collection of such award or awards. * * *

" Such computation of land to be conveyed under this contract is to include any land that has been taken for streets or any other public purpose, the award for which is to be assigned pursuant to

this contract. This computation is also to include the land in the streets in front of the lots on the Map of South Vernon Park, Section A, above mentioned to the centre line of the streets or avenues, on which these lots front and such lots are enumerated as Parcel First and as Third Parcel, hereinbefore described, and for the purpose of computation only the computation as to acreage is to include said Street or Avenue beds to the centre line thereof, and such particular calculation is a condition of this contract."

It should be noted that Sound Realty Company did not assign any award which might be due to it as a result of the closing of Vernon parkway on December 30, 1909. It specifically mentions awards for land taken for street purposes and does not assign any awards for street closing " on or before October first 1910, or which may be collectible on or before October first, 1910." It insists, and properly so, that the award was collectible by it as of December 30, 1909, the day of the legal closing, upon the theory that the damage compensation was then due.

In *Matter of Mayor, etc., of New York* (*Walton Ave.*) (131 App. Div. 696; affd., 197 N. Y. 518) Mr. Justice LAUGHLIN said in part: " If, as I think, the right to compensation accrued to the owners the moment the avenues and street became legally closed, then it is quite clear that the just compensation to which they are entitled has to be made as of that time. Their damages consisted in the depreciation of the value of their lands by the legal closing of the avenues and street and the termination of every right they had to have them maintained as public avenues or streets or to use the same for ingress or egress to their respective parcels. Whether the owners of the fee of the discontinued avenues and street did or did not inclose the same, as authorized by the statute, or prevent the use of the same for ingress or egress to the parcels of the respective claimants, therefore, is quite immaterial. The avenues and street being legally closed the right to actually close them existed and any further user, if there was further user, which I think does not appear, was by sufferance and not as matter of right. * * * This was a personal claim which accrued to the owner of the property at the time of the legal closing of the avenues and street and the cutting off of his rights therein by the filing of the map."

From the foregoing it will be clear that the damage, although not then fixed, belonged to the owner, Sound Realty Company, on the day that the street was legally closed, to wit, December 30, 1909. Since this damage award was not assigned to any of its successors in interest, Sound Realty Company naturally was entitled to it. Consequently, the award for actual damages should have been made to Sound Realty Company and not to an unknown owner.

We next consider the question of interest. Sound Realty Company makes no claim for interest from the time the street was legally closed until January 19, 1911, since apparently it conceded that during that period it had the beneficial use and enjoyment of the closed street. However, after it parted with title on that date, it asserts, and properly so, that it no longer had occasion to use the street and consequently its right to interest immediately accrued. In our view that contention is correct and is sustained by the authorities. (*Matter of Mayor, etc.* [*Grote Street*], 150 App. Div. 215; *Matter of Mayor, etc., of New York* [*Walton Ave.*], 131 id. 696; affd., 197 N. Y. 518; *Matter of Old White Plains Road*, 246 App. Div. 698; 249 id. 618; affd., 273 N. Y. 611; *Matter of Minzesheimer*, 144 App. Div. 576; affd., 204 N. Y. 272.)

For the reasons assigned, so much of the order entered January 26, 1939, as is appealed from, should be reversed, with costs to the appellant, and the award of $1,425 for Damage Parcel No. 2 made by the commissioners to Sound Realty Company should be directed to be paid to it with interest thereon from January 19, 1911.

O'Malley, Untermyer, Dore and Callahan, JJ., concur.

Order entered January 26, 1939, so far as appealed from, unanimously reversed, with costs to the appellant, and the award of $1,425 for Damage Parcel No. 2 made by the commissioners to Sound Realty Company directed to be paid to it with interest thereon from January 19, 1911.

Settle order on notice.