In the Matter of the Appointment of Commissioners to Determine the Compensation of Owners of Real Property for Damages Caused by the Closing of Garden Place and Vernon Parkway in the Borough of the Bronx in the City of New York.

CITY OF NEW YORK, Appellant; SOUND REALTY COMPANY, Respondent.

Argued January 8, 1941; decided April 24, 1941.

*William C. Chanler*, Corporation Counsel (*Lewis Orgel*, *Julius Isaacs* and *Samuel K. Handel* of counsel), for appellant.

*Harry Lesser* for Wakefield Taxpayers and Civic League, Inc., et al., *amici curiæ*.

*Bernard H. Arnold* for respondent.

LOUGHRAN, J. This proceeding was instituted in 1927 under chapter 1006 of the Laws of 1895 (the so-called Street Closing Act) to determine the compensation to be made for the damages caused to abutting owners by the closing in 1909 of Vernon parkway, a street in the borough of the Bronx, city of New York.

By a report made in 1936, the Commissioners of Estimate and Assessment made among others an award of $1,425 principal and $2,336.71 interest to Sound Realty Company as the owner of premises designated in the proceeding as Damage Parcel No. 2. Special Term returned this report to the Commissioners with a direction that they should

determine what offset against any allowance of interest should be made for the value of the use of Vernon parkway which the respective owners of the damage parcels had enjoyed subsequently to the legal closing of the street. Under date of September 13, 1938, the Commissioners made a final report which found that in every instance the value of such use had been equal to the interest allowance that had been awarded to the owner by the Commissioners in their earlier report. The award for Damage Parcel No. 2 was accordingly reduced to $1,425, although Sound Realty Company on January 19, 1911, had conveyed Damage Parcel No. 2 to Alfred C. Bachman, as assignee of the rights of Clarence J. Davies under a contract made on July 12, 1910, between Mr. Davies and Sound Realty Company for the sale by the company and the purchase by Mr. Davies of premises which included Damage Parcel No. 2.

When the final report of the Commissioners was presented to Special Term for confirmation, the city of New York challenged the right of Sound Realty Company to the award for Damage Parcel No. 2 on these grounds: (1) That Sound Realty Company had assigned the award to Clarence J. Davies by the contract of July 12, 1910; (2) that by this contract Sound Realty Company undertook to pay assessments for benefit which thereafter were levied on Damage Parcel No. 2 in this proceeding; and (3) that the deed which Sound Realty Company delivered to Alfred C. Bachman on January 19, 1911, conveyed Damage Parcel No. 2 with easements of frontage on the closed street for which Bachman had paid full value. Despite these objections, Special Term confirmed the final report of the Commissioners, but directed that the award for Damage Parcel No. 2 " be paid over to and held by the City Treasurer until the title to said award or the respective interests and estates of all parties therein shall be finally determined in appropriate proceedings."

From so much of this order as denied to Sound Realty Company any allowance of interest and from the direction therein for the impounding of the award for Damage Parcel

No. 2, Sound Realty Company appealed to the Appellate Division. In that court, the order of Special Term — in so far as it was appealed from — was reversed and direction was made that the final report to the Commissioners should be returned to them "with instructions to add to the award to Sound Realty Co. in the sum of $1,425 as damages for Damage Parcel No. 2, interest from January 19, 1911 to the date of their report and to revise their assessments accordingly * * *." The case has now come to us on an appeal taken by the city of New York by permission of the Appellate Division.

The order of reversal made by the Appellate Division is admittedly an intermediate order. Where an appeal from such a non-final determination is allowed, specific questions of law must be certified by the Appellate Division for review by this court. (Civ. Prac. Act, § 588, subd. 4.) The Appellate Division has here certified to us two questions as follows: (1) "Did the Special Term properly direct that the award for Damage Parcel No. 2 in the sum of $1,425 made by the Commissioners of Estimate and Assessment to Sound Realty Co. be held by the City Treasurer pending objections to Sound Realty Co.'s right to the award?" (2) "Was Sound Realty Co. entitled to interest on said award as a matter of law from January 19, 1911?" (January 19, 1911, was the date of the above-mentioned deed made by Sound Realty Company to Alfred C. Bachman.) It will be noticed that the first of these questions concerns the principal of the award for Damage Parcel No. 2, while the claim of Sound Realty Company to an allowance of interest on such principal is the subject of the second question.

The direction that the award for Damage Parcel No. 2 be impounded pending determination of its ownership was made by Special Term in supposed accordance with section 11 of the Street Closing Act. It is thereby provided: "Except when any sum or sums of money shall in said report be made to 'unknown owners,' the supreme court shall, upon the application of such city or of any person

entitled to or claiming to be interested in the lands, tenements or hereditaments for which said awards have been made, or any part thereof, either direct the same to be retained by the said chief financial officer or comptroller, or to be paid into the supreme court until the title thereto or the respective interests and estates of all parties therein shall be determined by said court and upon such application the said court may take the proofs and testimony of the claimant or claimants or parties interested in the lands for which said awards have been made or refer the matter to a referee for such purpose." (Vol. 2, Part 2, Laws of 1895, ch. 1006, p. 2049.)

Sound Realty Company attacks the order of Special Term on the grounds (1) that the foregoing section 11 authorizes a separate proceeding for determination of the right to an award only where (as is not the case here) conflicting claims to the award are made by several parties; and (2) that it is only when an award is made to an " unknown owner " (as is not the case here) that payment thereof may be withheld. (Cf. Administrative Code of the City of New York, L. 1937, ch. 929, §§ E15–27.0, E15–28.0; *Matter of City of New York [Old Kingsbridge Road]*, 229 N. Y. 30; *Matter of Sea Beach Ry. Co.*, 148 N. Y. Supp. 1080; 121 App. Div. 907; 196 N. Y. 533.) This issue as to the scope of the power conferred upon the court by section 11 of the Street Closing Act is an issue of law. The order of Special Term necessarily decided that issue against Sound Realty Company. The Appellate Division in its opinion said: " Sound Realty Company is the only claimant in this proceeding. Its grantee and his successors in title have filed no claims for any damage due to the closing of Vernon Parkway." (258 App. Div. 490, 492.) These words perhaps suggest that the Appellate Division may have ruled that section 11 of the Street Closing Act was here inapplicable. But matters yet to be noticed quite plainly indicate the contrary.

Special Term ruled that the award for Damage Parcel No. 2 had been assigned by Sound Realty Company to Clarence J. Davies by their contract of July 12, 1910.

The Appellate Division read this contract differently. This contract (said that court) "specifically mentions awards for land taken *for street purposes* and does not assign any awards *for street closing*" (p. 493). (The emphasis is ours.) While the construction of writings is, to be sure, matter of law in the sense that it is an affair for a judge, still the particulars of the process of ascertaining the disclosed intention of a writer are for the most part items of fact. Such an inquiry may nevertheless be a question of law in the sense of the phrase " questions of law " as that phrase is used in the constitutional limitations upon the jurisdiction of this court. (See *Mitchell, Inc.*, v. *Dannemann Hosiery Mills*, 258 N. Y. 22.) It may be, then, that the issue as to whether the award for Damage Parcel No. 2 was assigned to Clarence J. Davies by the contract made between him and Sound Realty Company on July 12, 1910, is a question of law which (if all else is in order) can now be reached by us consistently with the form of the questions certified. (See *Matter of New York Title & Mortgage Co.*, 277 N. Y. 66.)

Special Term in its opinion said that " Sound Realty Company in conveying the property in question conveyed the same as property having frontage and easements on the street, and hence the beneficial use of such grantee may be used to offset any award based upon the loss of such easements." The Appellate Division in its opinion said that Sound Realty Company " after it parted with title   *   *   * no longer had occasion to use the street and consequently its right to interest immediately accrued " (p. 494). The Corporation Counsel in his brief says: " It sounds plausible to say that the respondent [Sound Realty Company] should not be charged for its grantees' use. But the respondent sold that use   *   *   * and has had the use of the full purchase price ever since. Respondent, therefore, sustained no damage   *   *   *. The claim is   *   *   * grossly unjust, since the allowance of such interest would only go to swell the assessments which respondent's grantees must pay.   *   *   * The respondent is guilty of laches, if nothing more. In law, in equity and on the facts its claim for interest should be denied and the second question answered in the negative."

It is now evident, we think, that neither of the questions certified admits of any proper answer. This court can never decide an issue of fact or a matter of discretion when, as in this case, the order of the Appellate Division is an intermediate order. Hence a certified question must distinctly present a proposition of law which in itself is decisive of some part of the controversy involved in the appeal. (*Grannan* v. *Westchester Racing Assn.*, 153 N. Y. 449, 458. See Cohen on the Powers of the Court of Appeals, § 78 *et seq.*) We cannot be sure that either of the questions here certified is of that character.

None of the three objections made by the city of New York to the claim of Sound Realty Company to the award for Damage Parcel No. 2 had a basis in any right of the city itself. By those objections, the city undertook to subject the award to an unclaimed equitable interest of parties who had succeeded Sound Realty Company in the ownership of Damage Parcel No. 2. It may be, then, that the Appellate Division held that section 11 of the Street Closing Act left to the court discretionary power to refuse to impound the award at the behest of the city and in the absence of the real parties in interest. (See Administrative Code of the City of New York, tit. E, *passim.*) Consequently we are persuaded not to answer the first question certified.

Under the second question certified, counsel find room for argument of the above-stated combination of issues as to the position of Sound Realty Company, " in law, in equity and on the facts." This question, so interpreted, does not allow of an unqualified answer.

The appeal should be dismissed, without costs.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Appeal dismissed.