In the Matter of the Application of SOUND REALTY COMPANY, Petitioner, against GEORGE P. NICHOLSON, as Corporation Counsel of the City of New York, Respondent.

Appeal No. 1 — Vernon Parkway East.
Appeal No. 2 — Vernon Parkway North.
Appeal No. 3 — Osman Place.

WILLIAM C. CHANLER, as Corporation Counsel of the City of New York, Appellant; ANNIE MILLS and ANNA D. FITZ, Intervenors, Appellants; SOUND REALTY COMPANY, Respondent.

ANNIE MILLS and ANNA D. FITZ, Appellants, v. THE CITY OF NEW YORK and WILLIAM C. CHANLER, Corporation Counsel of the City of New York, Appellants, Impleaded with ALFRED C. BACHMAN and Others, Defendants, and SOUND REALTY COMPANY, Respondent.

First Department, May 29, 1941.

*Lewis Orgel* of counsel [*Julius Isaacs* and *Samuel K. Handel* with him on the brief; *William C. Chanler, Corporation Counsel of the City of New York*], for the defendants-appellants.

*Harry Lesser* of counsel [*Lesser & Lesser,* attorneys], for the intervenors-appellants and plaintiffs-appellants.

*Bernard H. Arnold* of counsel, for the respondent.

CALLAHAN, J. We find that the motions to vacate the three peremptory orders of mandamus were properly denied. Said motions rested in the main on the claim that by a certain contract of sale dated July 12, 1910, executed by petitioner as grantor, petitioner assigned to its grantees any rights it might have in any award for damages for the closing of the streets involved in these proceedings. We had occasion to construe the same contract in *Matter of City of New York* (*Garden Place, etc.*) (258 App. Div. 490), and there held that it did not effect such an assignment. An appeal from that determination was dismissed by the Court of Appeals (*sub nom. Matter of City of New York* [*Vernon Parkway*] 285 N. Y. 326) solely on the ground that the order appealed from was an intermediate order and, accordingly, not an appealable one.

While in the present proceedings the streets which have been closed, and the parcels that are affected differ from those involved in our prior decision, the same contract is urged as evidence of a like assignment. We must adhere to our holding that the contract did not have such effect. The orders denying the motions to vacate the mandamus orders should be affirmed, with twenty dollars costs and disbursements.

However, we deem that it was improper to grant the motion for summary judgment dismissing plaintiffs' complaint and dismissing the answer of the City of New York and the Corporation Counsel in the action of Mills and Fitz v. Sound Realty Company and others. In that action plaintiffs are seeking to enjoin the prosecution of the claims of Sound Realty Company for damages in street closing proceedings affecting plaintiffs' property. Plaintiffs claim to have acquired rights as successors in title of Sound Realty Company, which make it inequitable to permit that claimant to collect damages for the closing of the streets involved, thereby imposing the burden of an assessment on plaintiffs' property. Plaintiffs also assert that they are equitably entitled to any awards which might accrue to Sound Realty Company.

A grantee may obtain an equitable right to an award under certain circumstances. (See *Matter of City of New York* [*Newton Ave.*], 183 App. Div. 564.)

Defendant Sound Realty Company asserts that the plaintiffs acquired no rights or equities, because the deeds which they received from their immediate predecessors in title were merely bargain and sale deeds. To support its claim concerning the form of plaintiffs' deed, Sound Realty Company relies on statements contained in the answers of two of its codefendants. Facts alleged in the pleading of a codefendant are not binding on plaintiffs.

Assuming, however, that there is sufficient other proof in the record of the contents of the deeds in question, we find, nevertheless, that issues exist concerning the alleged equities in plaintiffs' favor which issues should not be determined on motion, but should await trial.

The order granting the motion for summary judgment and the judgment entered thereon, so far as appealed from, should be reversed, with costs, and the motion denied.

GLENNON, UNTERMYER and DORE, JJ., concur.

In the three proceedings: Orders unanimously affirmed, with twenty dollars costs and disbursements to the respondent.

In the action: Order granting motion for summary judgment, and the judgment entered thereon, so far as appealed from, unanimously reversed, with costs, and the motion denied. Settle order on notice.