■ ALLISON M. KING, Respondent, v JOHN E. KING, Appellant. [617 NYS2d 593] —Crew III, J. Appeal from an order of the Supreme Court (Kahn, J.), entered October 1, 1993 in Albany County, which, *inter alia,* granted plaintiff's motion to strike defendant's counterclaim.

Plaintiff and defendant were married in January 1989. The parties' relationship thereafter deteriorated and on January 28, 1993, plaintiff forwarded to defendant a partially executed separation agreement prepared by Stewart Finton, the attorney then representing plaintiff. Insofar as is relevant to this appeal, the agreement provided that defendant would vacate the marital residence within 24 hours of executing the agreement and it contained certain representations regarding plaintiff's knowledge of defendant's financial affairs. By letter dated January 29, 1993, defendant's attorney advised Finton that although defendant had "no objection to any of the material provisions of the [separation agreement]", defendant was requesting certain changes, including allowing defendant "at least one week" to vacate the marital residence instead of the 24 hours provided for in the agreement. Thereafter, by letter dated February 2, 1993, Finton advised defendant's attorney that plaintiff was withdrawing the proposed separation agreement. In the interim, on or about February 1, 1993, defendant apparently executed the agreement in question.

In March 1993, plaintiff commenced this action for divorce; defendant apparently answered and asserted a counterclaim for plaintiff's alleged breach of the separation agreement. Plaintiff thereafter moved to, *inter alia,* strike defendant's counterclaim. Supreme Court granted plaintiff's motion in this regard, finding that the January 29, 1993 letter from defendant's attorney constituted a rejection and counteroffer. This appeal by defendant followed.

We affirm. As a general rule, in order for an acceptance to be effective, it must comply with the terms of the offer and be

clear, unambiguous and unequivocal *(see,* 21 NY Jur 2d, Contracts, § 53, at 470; 2 Williston, Contracts § 6:10, at 68 [Lord 4th ed]). In our view, the January 29, 1993 letter from defendant's attorney does not meet this standard and, hence, does not constitute a valid acceptance. To be sure, the mere fact that defendant requested that certain changes be made in the separation agreement was not, standing alone, fatal to his purported acceptance. As one commentator has observed, "a request for a modification of the offer *coupled with an otherwise unqualified acceptance,* which does not depend on the offeror's assent to the requested change, operates as an acceptance, and a contract is thereby formed" (2 Williston, Contracts § 6:16, at 130-131 [Lord 4th ed] [emphasis supplied]). The letter in question here, however, does not contain a positive, unequivocal and unqualified acceptance of plaintiff's offer, i.e., it fails to make clear that the proposed separation agreement would be acceptable to defendant even if the requested changes were not granted. Indeed, defendant's request for additional time to vacate the marital residence could be interpreted as requiring plaintiff's assent and, under these circumstances, the purported acceptance amounted to nothing more than a rejection and counteroffer *(see,* 2 Williston, Contracts § 6:16, at 132 [Lord 4th ed]). Accordingly, Supreme Court's dismissal of defendant's counterclaim was in all respects proper.

Mercure, J. P., White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.