■ BENEFICIAL HOMEOWNER SERVICE CORPORATION, Respondent, v LEONARD A. WOLCOTT et al., Appellants. [675 NYS2d 224] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered March 19, 1997 in Rensselaer County, which, *inter alia*, granted plaintiff's motion to confirm a Referee's report of sale and for a deficiency judgment against defendants.

On August 12, 1996, a judgment of foreclosure and sale was entered against defendants' property. A Referee was appointed to auction the property and plaintiff was further authorized to proceed with a motion for a deficiency judgment pursuant to RPAPL 1371 should the proceeds of sale be insufficient to pay the amounts due.

On August 1, 1996, while the foreclosure action was proceeding and prior to entry of a judgment therein, defendants wrote a letter to plaintiff's counsel posing several alternatives to foreclosure which included, *inter alia*, an offer to execute a deed in plaintiff's favor so long as they could remain in the premises until November 1, 1996 at a rent of $300 for the months of September and October 1996. The offer was contingent upon

an agreement that "no legal action [would] be taken against [defendants] for [a] deficiency judgment at any date in time". Plaintiff's attorney immediately responded with a counteroffer for a new 30-year mortgage at 10% interest which would yield monthly payments in the amount of $1,072.08. With such offer, it was specifically noted that the foreclosure action was proceeding during these negotiations and that a judgment of foreclosure and sale had already been submitted to the court. Upon the issuance of the judgment, defendants were advised that a foreclosure sale would be scheduled. Pursuant to a notice of sale dated August 21, 1996, the premises were scheduled to be auctioned on September 25, 1996.

Defendants responded on August 20, 1996 to plaintiff's 30-year mortgage offer with yet another counteroffer requesting plaintiff to reduce the principal amount due and write a new mortgage at 9% interest amortized over 360 months. Should plaintiff not agree, defendants stated that "we will agree to surrender ownership immediately, as long as we can pay rent until November, 1996". Plaintiff responded by letter dated September 4, 1996 that it was unwilling to accept the terms of the August 20, 1996 letter yet was willing to rewrite the loan to yield a monthly payment of $983. This final proposal was to allow defendants "to stay in the house and give a deed in lieu of foreclosure * * * [with] * * * rent * * * [in the amount of] $983 per month * * * [and] to agree to permit [plaintiff] to show the house to potential Buyers upon reasonable notice". Plaintiff requested a timely response and reminded defendants once again that the foreclosure sale was scheduled for September 25, 1996. By letter dated September 10, 1996, defendants advised that they would not accept the terms offered but would agree to "accept [plaintiff's] offer for a deed in lieu, and agree to vacate the premises by October 1, 1996".

On September 25, 1996, the property was sold to plaintiff at public auction. On December 12, 1996, plaintiff moved for an order pursuant to RPAPL 1355 confirming the Referee's report of sale and for a deficiency judgment pursuant to RPAPL 1371 in the sum of $25,262.76. Notwithstanding the December 31, 1996 return date of the motion, defendants moved on January 13, 1997 for permission to, *inter alia*, submit late opposition to plaintiff's motion. Supreme Court denied defendants' motion, granted plaintiff's request for an order confirming the Referee's report of sale and awarded a deficiency judgment in the amount requested. Defendants appeal.

Upon our review of the reasons underlying defendants' request to file late opposition to the motion for a deficiency

judgment, we agree that no valid excuse was proffered (*see, Henderson v Stilwell*, 116 AD2d 861, 862, *lv denied* 68 NY2d 606; *Dominski v Firestone Tire & Rubber Co.*, 92 AD2d 704, 705). Defendants' unsubstantiated belief that they had a longer period in which to respond and consult with counsel, purportedly thwarted by the Christmas holiday, is simply insufficient. Our review of the affidavit submitted by counsel reveals that he was not even advised about this proceeding until January 3, 1997 and that it was not defendants who contacted him but a mortgage broker with whom he did business. Although counsel states that he thereafter sought an extension which was not granted, the cumulative showing on defendants' behalf fails to detail any efforts made to timely respond.

Had we permitted the late response, we would still find no basis to disturb the judgment rendered. The correspondence exchanged between these parties fails to demonstrate an unambiguous and unequivocal acceptance of an offer made (*see, King v King*, 208 AD2d 1143). Noticeably absent from defendants' September 10, 1996 letter accepting plaintiff's offer for a deed in lieu of foreclosure was a response to the remaining half of plaintiff's offer which required rent in the amount of $983 per month. Simply agreeing to vacate the premises along with the purported acceptance of some of the terms of an outstanding offer amounted to "nothing more than a rejection and counteroffer" (*id.*, at 1144; *see, Keis Distribs. v Northern Distrib. Co.*, 226 AD2d 967).

Accordingly, we affirm the order of Supreme Court.

White, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.