■ STONEHILL CAPITAL MANAGEMENT, LLC, et al., Respondents, v BANK OF THE WEST, Appellant, et al., Defendant. [7 NYS3d 91]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered June 4, 2014, in favor of plaintiffs as against defendant bank, pursuant to an order, same court and Justice, entered March 25, 2014, which granted plaintiffs' motion for summary judgment on its breach of contract cause of action and denied defendant bank's cross motion for summary judgment dismissing the amended complaint, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted, and the complaint dismissed as against defendant bank. The Clerk is directed to enter judgment accordingly. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant auctioneer had apparent authority to acknowledge plaintiffs' winning bid on the loan at issue and to state on defendant bank's behalf that the sale of the loan would go through subject to a final, executed agreement. Defendant bank was aware of the auctioneer's statements and the bank's counsel acted as if the statements were true (*see Hallock v State of New York*, 64 NY2d 224, 231-232 [1984]). However, the bank made explicit statements that it was not to be bound absent an executed writing. Although it agreed to the use of a standard industry form to represent the prospective agreement, when it was discovered that the nature of the loan did not permit use of the form, the parties entered into negotiations regarding the necessary modifications to its language. Before any writing was executed, defendant exercised its right under the offering memorandum to withdraw the loan asset in question from the auction process and refused to go forward with the transaction.

For a court to enforce a purported contract, the proponent must establish, in the first instance, that the parties intended to be mutually bound by an agreement, together with all material terms of the agreement, factors that implicate the doctrine of definiteness (*see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482 [1989], *cert denied* 498 US 816 [1990]). That the bank may have agreed to most of the mate-

rial terms and remained silent when presented with changes proposed by plaintiffs does not fulfill the condition requiring a written agreement and tender of a deposit equal to 10% of the purchase price. These conditions comprising a valid acceptance under the agreement were not fulfilled. Thus, even if all of the material terms were agreed upon, as plaintiffs contend, plaintiffs have not established that acceptance was "clear, unambiguous and unequivocal" so as to render such terms enforceable (*King v King*, 208 AD2d 1143, 1144 [3d Dept 1994]).

We have considered the bank's remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ. ▮▮▮▮