**Ryan v Board of Mgrs. of the Sequoia Condominium**

2024 NY Slip Op 31038(U)

March 28, 2024

Supreme Court, New York County

Docket Number: Index No. 152897/2013

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ                          PART    47

                                                              *Justice*

--------------------------------------------------------------------------X

WAYNE-PAUL RYAN and ROBERT PETER BUNCKE,          INDEX NO.            152897/2013

                         Plaintiffs,                               MOTION DATE          09/14/2020

        - against -                                               MOTION SEQ. NO.          003

BOARD OF MANAGERS OF THE SEQUOIA
CONDOMINIUM, THE SEQUOIA CONDOMINIUM
ASSOCIATION, PRECISION ASSET MANAGEMENT, INC.,        **DECISION + ORDER ON**
and VINCENT OCCHIPINTI,                                        **MOTION**

                         Defendants.

--------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 149, 150, 151

were read on this motion to/for                                JUDGMENT - SUMMARY                          .


In this real and personal property damage action, plaintiffs own condominium unit 2B

(the unit) at the Sequoia Condominium, located at 222 West 14th Street in Manhattan (the

Sequoia). Defendants include the Board of Managers of the Sequoia Condominium (the Board);

the Sequoia Condominium Association (the Association); the Sequoia's management company,

Precision Asset Management Inc. (Precision); and the Sequoia's managing agent, Vincent

Occhipinti (Occhipinti) (NYSCEF Doc No 96).

## BACKGROUND

Plaintiffs allege that their unit has been plagued by recurring water leaks over several

years that resulted in damage to their real and personal property, and loss of use and enjoyment

of their unit. Specifically, plaintiffs allege that water infiltrated their bedroom from 2001 through

2012, with the frequency of the leaking escalating between 2010 to 2012 (*id*. at ¶ 8). Plaintiffs

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**                          **Page 1 of 14**
**Motion No.  003**

[* 1]

further allege that defendants were made aware of the leaks and were responsible for curing, repairing, and correcting the conditions causing same, and because defendants failed to do so efficiently, plaintiffs' property was damaged (*id*. at ¶¶ 9-15).

Plaintiffs further allege that defendants incorrectly blamed the leaking on plaintiffs' allegedly improperly pitched air conditioner sleeve, for which defendants denied responsibility. Thereafter, plaintiffs incurred the costs of hiring a contractor, engineering consultant and architectural consultant to investigate the air conditioner sleeve, address the ongoing leaking, and repair the water-damaged areas of their unit (NYSCEF Doc No 94 ¶¶ 54-58; NYSCEF Doc No 105, pp. 4-7, 11, 16-17). When the leaking persisted following these measures, and other units in the Sequoia experienced leaking as well, defendants hired engineer William Lau (Lau) to further investigate the issue (NYSCEF Doc No 94 ¶ 31; NYSCEF Doc No 105, p. 18; NYSCEF Doc No 128, ¶¶ 51-52). Lau determined that the source of the leak was an exterior wall, for which defendants took responsibility by taking corrective measures which stopped the leaking (NYSCEF Doc No 94, ¶ 59).

Thereafter, the parties corresponded about reimbursing plaintiffs' expenses for, *inter alia*, interior repairs, hotel rooms, contractors, and attorneys' fees. Emails reveal that defendants offered plaintiffs $16,000 for the reimbursement of interior repairs, but that other expenses were still subject to negotiation (NYSCEF Doc No 105, pp. 53-56, 59-66). Plaintiffs sought to collect the $16,000, but defendants responded that plaintiffs would first have to sign a general release of all claims relating to the leaks. Upon plaintiffs' refusal to release all claims, defendants withdrew their offer (NYSCEF Doc No 96, ¶¶ 16-30).

Plaintiffs assert that defendants' offer to pay $16,000 to reimburse plaintiffs for their interior repair expenses was an unequivocal and unconditional offer which plaintiffs accepted,

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No.  003**

**Page 2 of 14**

[* 2]

2 of 14

and that defendants subsequently changed its material terms by requiring an exchange of mutual releases among the parties before defendants would make payment. Plaintiffs' complaint includes six causes of action: (1) breach of contract of an unconditional offer to pay $16,000 in damages; (2) breach of contract of the condominium documents; (3) violation of Real Property Law (RPL) § 339-cc; (4) breach of fiduciary duty; (5) negligence; and (6) interference with the use and enjoyment of real property. Plaintiffs seek compensation for personal and real property damage and loss of use to their property; retroactive adjustment of common charges; reimbursement for expenses, including but not limited to monies spent on contractors, engineers and attorneys; use of plaintiffs' real property to make repairs to other units at the premises; and related relief (NYSCEF Doc No 96, ¶ 1).

Defendants now move for summary judgment dismissing plaintiffs' complaint in its entirety. Defendants argue that plaintiffs' first cause of action should be dismissed based on documentary evidence, as there were negotiations but no binding agreement; the second cause of action should be dismissed based upon evidence that defendants acted diligently to locate and repair the leak; the third cause of action should be dismissed because there is no private cause of action under RPL § 339-cc, except for partition in certain circumstances; the fourth cause of action should be dismissed because condominiums do not owe a fiduciary duty to unit owners; the fifth cause of action should be dismissed because the negligence claim is duplicative of the breach of contract claim; and the sixth cause of action should be dismissed because a common charge refund is not a proper cause of action, and the obligation to pay same is an independent covenant unrelated to the habitability of a condominium unit. Further, defendants argue that all claims against defendants Precision and Occhipinti must be dismissed, as managing agents are

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No. 003**

Page 3 of 14

[* 3]

3 of 14

only responsible for affirmative acts of negligence or wrongdoing, and not for non-feasance (NYSCEF Doc No 94, ¶ 8).

Plaintiffs oppose defendants' motion and cross-move pursuant to CPLR §§ 3212(a) and (e) for partial summary judgment on the issue of liability for each of their six causes of action, and for an order pursuant to 22 NYCRR § 130-1.1 imposing sanctions on defendants and awarding plaintiffs costs and reasonable attorneys' fees (NYSCEF Doc No 127). Defendants oppose plaintiffs' cross-motion and argue that it should be denied as an untimely and improper motion for summary judgment (NYSCEF Doc No 149).

## DISCUSSION

Timeliness of Plaintiffs' Cross-Motion for Partial Summary Judgment

As a threshold matter, defendants argue that plaintiffs' cross-motion for partial summary judgment is untimely and should not be considered. Pursuant to the status conference order dated March 3, 2020, all dispositive motions were to be made no later than 60 days after the filing of the note of issue (NYSCEF Doc No 83). The note of issue was filed on May 15, 2020 (NYSCEF Doc No 85), making the deadline to file dispositive motions July 14, 2020. The cross-motion was filed on November 6, 2020 (NYSCEF Doc No 122). However, a "cross motion for summary judgment made after the expiration of the [deadline for making dispositive motions] may be considered by the court, even in the absence of good cause, where a timely motion for summary judgment was made seeking relief nearly identical to that sought by the cross motion" (*Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 448-49 [1st Dept 2013]). Moreover, even if the court chose not to consider plaintiffs' submission as a cross-motion, it still has the discretion to consider it as opposition to defendants' motion for summary judgment. Additionally, "upon a summary judgment motion, [the court] may search the record and grant

152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS
Motion No. 003

Page 4 of 14

[* 4]

judgment to the non-moving party without necessity of notice or cross-motion" (*Abramovitz v Paragon Sporting Goods Co.*, 202 AD2d 206 [1st Dept 1994]). Accordingly, plaintiffs' cross-motion will not be denied on untimeliness grounds and will be considered on the merits.

Summary Judgment

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

As an initial matter, defendants have established that Precision and Occhipinti are entitled to summary judgment on each of plaintiffs' causes of action. Plaintiffs' first and second causes of action are for breach of contract, and yet, plaintiffs did not allege that an agreement existed between them and Precision and Occhipinti; plaintiffs only allege the existence of a contract between them and the Sequoia. Plaintiffs' third cause of action pursuant to RPL § 339-cc fails because they have not alleged any action taken by Precision and Occhipinti, in particular, which

**152897/2013 RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No. 003**

**Page 5 of 14**

[* 5]

5 of 14

would constitute a violation under that statute. Plaintiffs' fourth cause of action for breach of

fiduciary duty fails because "the managing agent is a fiduciary as to the condominium, but not as

to the individual unit owners" (*Caprer v Nussbaum*, 36 AD3d 176, 191, 825 N.Y.S.2d 55 [2d

Dept 2006]), and plaintiffs did not allege that Precision and Occhipinti aided and abetted the

Board's alleged breach (*Brasseur v Speranza*, 21 AD3d 297 [1st Dept 2005]). Regarding

plaintiffs' negligence cause of action, as the management company and property manager for the

Sequoia, Precision and Occhipinti could only be liable to plaintiffs as unit owners for affirmative

acts of negligence (*see Pelton v 77 Park Ave. Condominium*, 38 AD3d 1 [1st Dept 2006]

[internal quotations and citations omitted] *overruled on other grounds Fletcher v Dakota, Inc.*,

99 AD3d 43 [1st Dept 2012]). Despite plaintiffs' attempts to characterize Precision and

Occhipinti's actions as affirmative, they have merely alleged non-feasance (NYSCEF Doc No

144 [stating that "defendants affirmatively did not take the appropriate actions to repair the

leaks"]), and therefore their negligence claim fails as well. Finally, the sixth cause of action fails

because plaintiffs have not alleged any specific actions taken by Precision and Occhipinti which

interfered with their use and enjoyment of their real property. Accordingly, that part of

defendants' motion for summary judgment seeking dismissal of the complaint as against

Precision and Occhipinti will be granted.[1]

    i.      *Breach of Contract – Unconditional Offer to Pay $16,000 in Damages*

Defendants argue that plaintiffs' first cause of action for breach of contract based on

defendants' withdrawal of their offer to pay damages should be dismissed based on documentary

evidence indicating that there were ongoing negotiations, but no binding offer. Additionally,

defendants assert that they believed the discussed amount of $16,000 represented the complete

---

[1] For the remainder of the "Defendants' Motion for Summary Judgment" section of the Discussion, reference to "defendants" shall mean the Board and the Association.

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**                                        **Page 6 of 14**
**Motion No.  003**

[* 6]

and final settlement of all claims, and that plaintiff rejected this deal. Plaintiffs, on the other hand, contend that the documentary evidence indicates that defendants' offer, when initially extended, was not contingent on plaintiffs signing a general release, and that they accepted the offer of $16,000—for repair reimbursement only—before defendants attempted to withdraw it.

There can be no contract absent a mutual intent to be bound (*Joseph Martin, Jr., Delicatessen, Inc. v Schumacher*, 52 NY2d 105, 109 [1981]). "Whether such intent exists is a mixed question of law and fact. This means that the question is to be decided by the court if determinable from the language employed in the written instrument, and if not so determinable[,] . . . then by the finder of the facts" (*Four Seasons Hotels v Vinnik*, 127 AD2d 310, 316 [1st Dept 1987]; *In re Commissioners to Determine*, 285 NY 326, 331 [1941] ["While the construction of writings is, to be sure, [a] matter of law . . . , still the particulars of the process of ascertaining the disclosed intention of a writer are for the most part items of fact."]). To make this determination, an objective test is applied, meaning that "the manifestation of a party's intention rather than the actual or real intention is ordinarily controlling" (21 NY Jur 2d, Contracts § 29). "As a general rule, in order for an acceptance to be effective, it must . . . be clear, unambiguous and unequivocal" (*King v King*, 208 AD2d 1143, 1143-44 [3d Dept 1994]). With regard to any material term, "[d]efiniteness is essential" (*Four Seasons Hotels*, 127 AD2d at 317 [internal citation omitted]).

Defendants have failed to establish the absence of issues of fact regarding whether their offer to pay plaintiffs $16,000 was conditional on plaintiffs signing a general release of all related claims and whether plaintiffs rejected that offer. Notably, a letter dated July 12, 2012 indicates that the $16,000 was contemplated as "full reimbursement . . . for the interior repairs" and that "the remaining reimbursements to include attorney fees, engineering frees and hotel

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No.  003**

**Page 7 of 14**

[* 7]

7 of 14

bills" would be determined after the insurance companies completed their investigations of the incident (NYSCEF Doc No 142). In an email dated July 25, 2012, plaintiff's counsel made "a final attempt at settlement," apparently referring to the remaining expenses in dispute (NYSCEF Doc No 105, pp. 53-54). The next day, Precision replied by letter, confirming that "the Sequoia's board has agreed to reimburse Mr. Ryan for $16,000 + for the interior repairs" and that the other reimbursements remained outstanding and open for negotiation (NYSCEF Doc No 130). The letter also recommended "that Mr. Ryan pick up his check for $16,000 without signing any kind of release while negotiations continue" (*id.*). Thus, far from eliminating any questions of fact, the correspondence actually tends to show that the $16,000 offer was not conditioned on a general release, and defendants have not submitted any evidence of plaintiffs' alleged rejection of that offer. Similarly, plaintiffs have not established that they unambiguously and unequivocally accepted the offer. Accordingly, that part of defendants' motion seeking summary judgment on plaintiffs' first cause of action and that part of plaintiffs' cross-motion seeking summary judgment on the same claim will be denied.

ii.     *Breach of Contract – Condominium Documents*

Defendants argue that plaintiffs' second cause of action for breach of contract should be dismissed because no agreement was entered into whereby defendants agreed to perform repairs or compensate plaintiffs for any repairs they might make on their own. To the extent that the cause of action is based on alleged violations of the condominium's by-laws, defendants assert that they acted efficiently to correct problems identified by plaintiffs. Defendants further argue that awarding punitive damages would be inappropriate because there is no evidence of gross negligence or recklessness on defendants' part. Plaintiffs argue that the condo's by-laws constitute a contract between the Board and all unit owners which imposed an obligation on the

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No.  003**

**Page 8 of 14**

[* 8]

8 of 14

Board to perform "prompt repair[s]." Plaintiffs assert that while the by-laws suggest that "prompt repair" means repair within 60 days, defendants took years to finally cure the leak problem.

A condominium's by-laws constitute a binding contract with the unit owners (*Avenue A Assoc. LP v Board of Mgrs. of the Hearth House Condominium*, 190 AD3d 473, 473-74 [1st Dept 2021]). As such, defendants were obligated to "promptly . . . repair [] any leaks that are not caused by the acts or omissions of the Unit Owner" (NYSCEF Doc No 109, Article VI §10). The parties have provided conflicting accounts regarding defendants' promptness in addressing the leaks (*compare* NYSCEF Doc No 116, 14:19-15:5 [plaintiff Ryan testifying that the leaks began in "2000, probably earlier" and that this was an "ongoing" problem from that time until defendants fixed the exterior wall late in 2011] *with* NYSCEF Doc No 119, 58:13-24 [Occhipinti stating that, to his recollection, plaintiff first complained in 2010 and that "there was no ongoing thing for ten years"]). Thus, there are remaining issues of fact as to when defendants were first notified of the leaks and how soon thereafter defendants remedied them. Accordingly, the part of defendants' motion seeking summary judgment on plaintiffs' second cause of action will be denied and the part of plaintiffs' cross-motion seeking summary judgment on same will also be denied.

However, plaintiffs have "no viable claim for punitive damages, which are not recoverable for ordinary breach of contract" (*Soviero v Carroll Group Intl., Inc.*, 27 AD3d 276, 277 [1st Dept 2006], citing *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]) and, as discussed *infra*, "defendant's alleged conduct is not actionable as a tort independent of its alleged failure to perform its contractual obligations" (*AXA Mediterranean Holding, S.P. v ING Ins. Intl., B.V.*, 106 AD3d 457, 457 [1st Dept 2013]). Accordingly, that part

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No.  003**

**Page 9 of 14**

[* 9]

9 of 14

of defendants' motion seeking to bar plaintiffs from seeking punitive damages on their second cause of action will be granted.

### iii. Violation of Real Property Law (RPL) § 339-cc

Defendants argue that plaintiffs' third cause of action pursuant to RPL § 339-cc should be dismissed because that statute only provides for a private cause of action for certain matters concerning partition which do not apply here. However, RPL § 339-cc only refers to partition as a potential remedy for instances where "[75%] or more of the building is destroyed or substantially damaged and [75%] or more of the unit owners do not duly and promptly resolve to proceed with repair or restoration," which is not claimed here. Plaintiffs instead seek relief under the general part of the statute providing that "damage to or destruction of [a] building shall be promptly repaired and reconstructed by the board of managers, using the proceeds of insurance, if any, on the building of that purpose" (RPL § 339-cc). Contrary to defendants' argument, "it is established that Real Property Law § 339-dd does not preclude an individual unit owner from suing the sponsor or the board of managers for wrongs to the unit owner's interest in his or her individual unit, because such actions seek to enforce a right unique to the individual owner" (*Caprer v Nussbaum*, 36 AD3d 176, 185 [2d Dept 2006]). Since this private cause of action may be maintained, and since there are issues of fact regarding defendants' promptness in repairing the leaks, neither party is entitled to judgment as a matter of law. Accordingly, that part of defendants' motion seeking summary judgment on plaintiffs' third cause of action and that part of plaintiffs' cross-motion seeking summary judgment on the same claim will be denied.

### iv. Breach of Fiduciary Duty

Defendants next argue that plaintiffs' fourth cause of action for breach of fiduciary duty must be dismissed since the condominium, as a corporation, does not owe a fiduciary duty to its

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No.  003**

Page 10 of 14

[* 10]

10 of 14

shareholders, i.e., the individual unit owners. This is incorrect; the board of managers of a condominium does, in fact, owe a fiduciary duty to unit owners (*Odell v 704 Broadway Condo.*, 284 AD2d 52, 59 [1st Dept 2001] [condominium's board owes fiduciary duties to owner upon unit's purchase]; *Desernio v Ardelean*, 188 AD3d 992, 993 [2d Dept 2020] ["As a general matter, [the condo] owes a fiduciary duty to condominium unit owners when it is engaged in the business of management of the condominium"]; *Board of Managers v Fairway at N. Hills*, 193 AD2d 322, 325 [2d Dept 1993 ["The Board is by definition in a 'fiduciary' relationship with the unit owners"]). Defendants have thus failed to demonstrate that plaintiffs' claim must be dismissed as a matter of law. Plaintiffs have also failed to establish that no issue of fact exists as to whether defendants breached their fiduciary duty. Accordingly, that part of defendants' motion seeking summary judgment on plaintiffs' fourth cause of action and that part of plaintiffs' cross-motion seeking summary judgment on the same claim will be denied.

    *v.*    *Negligence*

      Defendants assert that plaintiffs' fifth cause of action for negligence must be dismissed because it is duplicative of their breach of contract claim. In opposition, plaintiffs argue that defendants cannot seek dismissal of their breach of contract claim on the basis that there is no contract *and* seek dismissal of their negligence claim on the basis that plaintiffs included a breach of contract claim in their pleadings.

      "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. Put another way, where the damages alleged were clearly within the contemplation of the written agreement . . . [merely] employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" (*Dormitory Auth. of the State of NY v Samson Constr. Co.*,

**152897/2013 RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No. 003**

**Page 11 of 14**

[* 11]

30 NY3d 704, 711 [2018] [internal quotations and citations omitted]). Here, plaintiffs'

negligence allegations are "merely a restatement, albeit in slightly different language, of the []

contractual obligations asserted in the cause of action for breach of contract" (*Clark-Fitzpatrick,*

*Inc. v Long Is. R.R. Co.*, 70 NY2d 382 390 [1987]). Plaintiffs do not identify any duty defendants

breached that is separate and distinct from the alleged contractual duties. Since both causes of

action essentially seek enforcement of the contract, they are duplicative. Accordingly, that part of

defendants' motion seeking summary judgment on plaintiffs' fifth cause of action will be granted

and that part of plaintiffs' cross-motion seeking summary judgment on the same claim will be

denied.

> ### vi.      *Interference with the Use and Enjoyment of Real Property*

Defendants argue that plaintiffs' sixth cause of action should be dismissed because it

seeks a common charge refund, which "is not a proper cause of action and the obligation to pay

the same is an independent covenant not linked to the habitability of a condominium unit"

(NYSCEF Doc No 94). Plaintiffs respond that this is a misstatement of the nature of the claim;

the sixth cause of action is for interference with the use and enjoyment of real property, and the

common charge refund is merely the relief they seek for this claim (NYSCEF Doc No 96, ¶¶ 58-

64). Specifically, plaintiffs allege that defendants demanded access to plaintiffs' unit, including

their outdoor terrace, to effectuate repairs to common elements and other units in the Sequoia. It

is only in reply that defendants raise the argument that plaintiffs are not entitled to any damages

for defendants' use of their terrace because the by-laws require plaintiffs to permit access to

facilitate repairs on other units. However, a movant may not use reply papers to remedy basic

deficiencies in their prima facie showing (*Tribbs v 326-338 E 100th LLC*, 215 AD3d 480, 481

[1st Dept 2023] [internal quotations and citations omitted]; *Dannasch v Bifulco*, 184 AD2d 415,

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No.  003**

**Page 12 of 14**

[* 12]

417 [1st Dept 1992] ["The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion"]). Therefore, whether the by-laws require plaintiffs to permit access to their terrace to facilitate repairs to other units remains an issue that will not be considered on this motion. However, questions of fact remain as to whether defendants' use of plaintiffs' unit constitutes interference with the use and enjoyment of their property. Accordingly, that part of defendants' motion seeking summary judgment on plaintiffs' sixth cause of action and that part of plaintiffs' cross-motion seeking summary judgment on the same claim will be denied.

Plaintiffs' Requested Relief

In light of the denial of plaintiffs' cross-motion for summary judgment on each cause of their causes of action, plaintiffs' request for an award of costs and reasonable attorneys' fees will be denied.[2] Additionally, the part of their motion seeking the imposition of sanctions will also be denied, as plaintiffs failed to show that defendants' motion was "so egregious as to constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1" (*Nugent v City of NY*, 189 AD3d 631, 632 [1st Dept 2020] [internal citations and quotation marks omitted]).

**CONCLUSION**

Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment seeking dismissal of plaintiffs' complaint is granted to the extent that the complaint is dismissed in its entirety as against defendants Precision and Occhipinti and the fifth cause of action for negligence is dismissed as against all defendants, and is otherwise denied; and it is further

---

[2] Plaintiffs also argue that they are entitled to pre-judgment interest, but they failed to request this relief in their notice of cross-motion (NYSCEF Doc No 127) and, as no sums have yet been awarded, this request is premature.

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No.  003**

Page 13 of 14

[* 13]

13 of 14

ORDERED that plaintiffs are barred from seeking punitive damages on their second cause of action; and it is further

ORDERED that plaintiffs' cross-motion is denied in its entirety; and it is further

ORDERED that the caption shall be amended in accordance with the foregoing to remove Precision and Occhipinti from the caption; and it is further

ORDERED that counsel for movants shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (ww.nycourts.gov/supctmanh)].

2024032815200PG0ETZ1F78B30817D4B4D1F079F7C3731074EFF

_____
**3/28/2024**
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152897/2013   RYAN, WAYNE-PAUL vs. BOARD OF MANAGERS**
**Motion No.  003**

Page 14 of 14

[* 14]

14 of 14